UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER VILSAINT,

              Petitioner,

- against -

ANTHONY ANNUCCI,

              Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

23-CV-5563 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Christopher Vilsaint ("Petitioner") was convicted in November 2017, following a jury trial in the New York State Supreme Court, Rockland County—of: (1) Attempted Murder in the second degree; and (2) Attempted Assault in the first degree. (Doc. 14-1). Petitioner was thereafter sentenced in February 2018 to a term of fifteen years of imprisonment, followed by a five-year term of supervised release. (*Id.*; *see also* Doc. 14 ¶ 3). Petitioner filed a notice of appeal in or about January 2019, under N.Y. C.P.L § 450.10 (Doc. 1 at 18-19; Doc. 14 ¶ 4; Doc. 14-2). On or about March 15, 2023, Petitioner moved to vacate his conviction in the trial court under N.Y. C.P.L § 440.10 (Doc. 14-11). While that motion was *sub judice*, on June 12, 2023 Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2254. (Doc. 1). This Court issued an Order to Answer on July 6, 2023, directing Respondent to serve an answer, motion, or other response to the Petition within sixty days of the date thereof. (Doc. 3). On August 29, 2023, the Court granted Respondent's request for an extension of time to respond to the Petition (Doc. 7) and issued Order of Reference to Magistrate Judge Judith C. McCarthy (Doc. 8). On November 2, 2023, Respondent moved to dismiss the Petition, arguing that Petitioner failed to exhaust his claims in state court as required under 28 U.S.C § 2254(b)(1)(A) and exhaustion should not be excused under *Barker v. Wingo*, 407 U.S. 514 (1972). On February 6, 2024, three months after the motion to dismiss the

Petition was filed, Magistrate Judge McCarthy issued an order warning Petitioner that if he failed to submit a response by February 27, 2024, the matter would be deemed fully submitted. (Doc. 15). No response was filed by Petitioner.

On May 23, 2024, Magistrate Judge McCarthy issued a Report and Recommendation ("Report"). The Report recommended that the motion be granted and the Petition be dismissed without prejudice. (Doc. 16). The Report advised that "the parties shall have fourteen (14) days from the receipt of this [Report] to serve and file written objections. If copies of this [Report] are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of the same to file and serve written objections." (*Id.* at 15). The Report further warned that "[f]ailure to file timely objections to this [Report] will preclude later appellate review of any order of judgment that will be rendered." *See* 28 U.S.C §636(b)(1); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008). More than a month has passed since Magistrate Judge McCarthy issued the Report and no objections have been filed to date.

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)).[1] "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Upon a careful and complete review of the Report, the Court finds no clear error in Magistrate Judge McCarthy's Report, which concluded: (i) Petitioner's claim that the State violated his right to a fair trial is an unexhausted record-based claim; (ii) Petitioner's claim that the State improperly withheld unspecified *Brady* material is unexhausted, whether it is record-based or grounded on collateral information; (iii) Petitioner's claim of ineffective assistance of appellate counsel is unexhausted as he did not seek a writ of error *coram nobis* before filing the Petition; and (iv) the *Barker v. Wingo* factors weigh in favor of the State, and therefore, Petitioner's failure to exhaust his claims before raising them here should not be excused.

The Court finds no clear error in Magistrate Judge McCarthy's thorough and well-reasoned analysis, and adopts the Report in its entirety for the reasons set forth therein. Accordingly, the motion to dismiss is GRANTED (Doc. 12) and the Petition is DISMISSED without prejudice.

The Court further holds that because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of the Court is respectfully directed to terminate the pending motion (Doc. 12), mail a copy of this Order to Petitioner, and close this case.

**SO ORDERED:**

Dated: White Plains, New York
July 2, 2024

_____
PHILIP M. HALPERN
United States District Judge